Pearson, J.
 

 There is error in his Honor’s charge. The count in Trover is abandoned. The only question arises under the second count, which is incase, upon the special circumstances. The jury were instructed that if they believed the title of the mule was in the plaintiff, they were, upon that count, entitled to a verdict, inasmuch as the defendant had made an absolute sale of the mule during the continuance of the particular estate. The animal in question had belonged to one Houston, who, being indebted to the plaintiffs, sold him to them, in
 
 *515
 
 discharge of their claim. Immediately after the sale, Houston hired the mule from the plaintiff for one year, giving a dollar a month. Before the expiration of the year, a justice’s judgment Ayas obtained against Houston, and the execution being levied on the mule, he was sold absolutely; The interest which Houston had, though but for a year, as a bailee for hire, was' such an interest as could be sold under execution, and the purchaser could acquire, by virtue of the sale,
 
 per se,
 
 nothing but the interest which was in the debtor Houston, and after the expiration of the time for which Houston had hired the animal, the right
 
 Osf
 
 possession reverted to the plaintiff. The defendant had a right to levy on the mule, and sell the interest which Henderson had in it, and though his bill of sale .was for the animal absolutely, its legal effect was to pass only the debtor’s interest. It deprived the plaintiff of no right which he possessed, and did him no injury whatever; his right to the mule remained to him precisely as if there had been no sale by the defendant.
 

 The case stated that the mule had not been taken out of the county, but is still in the neighborhood.
 

 Judgment reversed, and
 
 venire de novo
 
 awarded.